133 F.3d 928
 81 A.F.T.R.2d 98-522, 98-1 USTC P 50,179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barjona S. MEEK, Roberta Meek, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70682.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1998.
Decided Jan. 15, 1998.
 
 Before LAY**, GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barjona and Roberta Meek (together, the "Meeks") appeal the Tax Court's judgment affirming an assessment of deficiency for the tax year 1991. They argue that the Tax Court should have allowed a claimed capital loss arising from Barjona's Meek's sale of a partnership interest to a trust established for their grandchildren. We have jurisdiction pursuant to 26 U.S.C. § 7483 and we affirm.
 
 Facts and Procedural Background
 
 3
 This case arises from two simultaneous transactions that occurred on the same day. In one transaction the Meeks created a trust for their grandchildren. The trust document lists the Meeks as the settlors of the trust, which has the same legal meaning as grantor. See George G. Bogert & George T. Bogert, Trusts and Trustees § 1, at 4 (2d ed. rev.1984). In the other transaction, Barjona Meek sold a partnership interest to the trust. The trust paid for the partnership interest with a promissory note. As a result of this second transaction, the Meeks took a capital loss on their 1991 tax return. The parties have stipulated that the Meeks transferred no other property to the trust in 1991.
 
 
 4
 Although the IRS does not contest that the trust paid fair market value for the partnership interest, it disallowed the loss as a transaction between related parties under 26 U.S.C. § 267. The Meeks took their claim to the Tax Court, which ruled in favor of the IRS. This timely appeal followed.
 
 Standard of Review
 
 5
 The parties stipulated to the facts. As only the application of the law to the facts remains, this court reviews de novo the conclusion of the Tax Court. Sennett v. Commissioner, 752 F.2d 428, 430 (9th Cir.1985).
 
 Discussion
 
 6
 Two facts support the conclusion that Barjona Meek was a grantor when he sold the partnership interest to the trust. One, he signed the trust document, which identified him as a grantor. Two, he had the intent to create a trust by transferring his property to the trust. See Cal. Probate Code § 15200(b) (A trust can be created by a "transfer of property by the owner during the owner's lifetime to another person as trustee."). The Code disallows loss recognition of sales between a grantor and a fiduciary of any trust. 26 U.S.C. § 267(a)(1), (b)(4). Accordingly, the Code bars the Meeks from recognizing any loss from the sale.
 
 
 7
 The Meeks argue that the fact that they were listed as the settlors on the trust document is irrelevant because no property was transferred to the trust when the trust document was signed. Viewing the two transactions together reveals that the partnership interest was the trust property.[1]
 
 
 8
 The Meeks argue for a general rule that one cannot become a grantor by transferring property for consideration. The law that they rely upon, however, cannot apply to these particular transactions. If it did, the transactions would make no sense. The signatory to the promissory-note is the trust itself. Accordingly, under the rule proposed by the Meeks, the trust would be its own grantor. This is simply incoherent. A grantor, the one who creates the trust, must, by definition pre-exist the trust. A trust cannot create itself.
 
 
 9
 The Meeks argue that McCormick and Furman paid the consideration for the sale and then created the trust for the Meeks' grandchildren. If McCormick and Furman had paid the consideration, the Meeks could take their capital loss and the trust would not fail.
 
 
 10
 While this theory fits with the Meeks' view of the income tax treatment of the transaction, they offer no evidence that this is what actually occurred. McCormick and Furman are totally unrelated to the Meeks. The Meeks have not explained why McCormick and Furman would so generously establish a trust for the Meek's grandchildren. Moreover, were this theory true, it means that after the sale McCormick and Furman could have decided not to establish the trust and simply kept the partnership interest for themselves. This, too, seems unbelievable.
 
 
 11
 Finally, the Meeks cite Mahoney v. United States, 831 F.2d 641 (6th Cir.1987), for the proposition that one is a grantor only to the extent that one gratuitously conveys property to a trust. Mahoney, however, is distinguishable from this case. In Mahoney, the son executed the promissory note paying for the transferred property. Id. at 643. In our case, the grandchildren would be the parties analogous to James Jr. Had they executed the promissory note, the two transactions would make perfect sense and the grandchildren would be the grantors of the trust. Section 267 would still prohibit the recognition of the capital loss, however, as it would be a sale between a grandfather and his grandchildren. See 26 U.S.C. § 267(b)(1).
 
 
 12
 The Mahoney court did note, however, that in deciding who transferred what, courts should look at "the trust documents, the timing of the transfers, the value of the property transferred, verifiable contemporary. characterizations of the transaction, and its objective economic effect." Id. at 647. Looking at these factors in this case, in particular the simultaneity of the transactions, the contemporaneous characterization of the Meeks as settlors, and the objective economic effect, it seems clear that Barjona Meek was a grantor within the meaning the 26 U.S.C. § 267(b)(4).[2] Accordingly, we affirm the Tax Court.
 
 
 
 **
 Honorable Donald P. Lay, United States Circuit Judge for the 8th Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Were the Meeks willing to view the two transactions as completely distinct, they could be entitled to a capital loss because the trust would fail and the trustees would have legal title to the partnership interest. The trust would fail because it had no property at the time of creation. The sale of the partnership interest would be to trustees Thomas McCormick and Forrest Furman as individuals, because they could not be trustees for a non-existent trust. Because McCormick and Furman are not related to Barjona Meek, the Meeks could claim their capital loss. The Meeks deny, however, that the trust has failed
 
 
 [2]
 The Meeks object that a ruling against them means that anyone selling goods to a trust will have any losses disallowed under § 267. The obviously overstates the effect of a ruling in the Commissioner's favor. The particular facts of this case, specifically, the trust document naming the Meeks as settlors, the simultaneity of the transactions, and the fact that no other party could conceivably be the grantor compel the conclusion that the Meeks were the grantors in this case